Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50276 | **DATE** | 3/5/2001 |
| **CASE TITLE** | R.J. Industries vs. Hansen Global, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Leave given to defendant to file 56.1 statement. For the reasons stated in the attached Memorandum Opinion and Order, motion for summary judgment of non-infringement by defendant is denied; motion for summary judgment of infringement by plaintiff is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | MAR - 5 2001 | 54 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3-5-01 | |
| | | | date mailed notice | |
| /SEC | courtroom deputy's initials | | mailing deputy initials | |

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION



R.J. INDUSTRIES, L.L.C., )
an Illinois Limited Liability )
Company, )
 )
      Plaintiff, )
 )
v. ) No. 00 C 50276
 )
HANSEN GLOBAL, INC., a )
Wisconsin Corporation, and )
DON HANSEN, a Wisconsin )
resident, )
 )
      Defendants. )

**MEMORANDUM OPINION AND ORDER**

### Introduction

On January 31, 2001, defendants Hansen Global, Inc. and Don Hansen (collectively "Hansen") filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56 that its Socket Tray (the "Hansen socket tray") does not infringe U.S. Patent No. 5,511,673 (the "'673 patent") owned by plaintiff R.J. Industries, L.L.C. ("R.J."). On February 21, 2001, R.J. filed a response to Hansen's motion for summary judgment for non-infringement and filed its own motion for summary judgment that claims 4 and 5 of the '673 patent are literally infringed by the Hansen socket tray. Hansen's reply brief on non-infringement in turn addresses R.J.'s summary judgment motion on infringement. On March 1, 2001, R.J. filed its final reply brief. Upon consideration of the record, and for the reasons set forth below, the court denies

Hansen's motion for summary judgment of non-infringement and grants R.J.'s motion for summary judgment of infringement.

## Legal Standards

Summary judgment, pursuant to Federal Rule of Civil Procedure 56(c), is as appropriate in a patent case as it is in any other case. C.R. Bard, Inc. v. Advanced Cardiovascular Sys., 911 F.2d 670, 672 (Fed. Cir. 1990). A motion for summary judgement is properly granted when there is no genuine issue as to any material fact, consequently entitling the moving party to judgment as a matter of law. General Elec. Co. v. Nintendo, 179 F.3d 1350, 1353 (Fed. Cir. 1999). Summary judgment is appropriate if the evidence of record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "When ruling on a motion for summary judgment, all of the non-movant's evidence is to be credited, and all justifiable inferences are to be drawn in the non-movant's favor." Stryker Corp. v. Davol, 234 F.3d 1252, 1257 (Fed. Cir. 2000). Therefore, the movant of a motion for summary judgment bears the burden of demonstrating the absence of any genuine issue of material fact and that the party so moving is entitled to judgement as a matter of law. The fact that both parties have moved for summary judgment does not necessarily mean the court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts. Mingus Constructors, Inc. v. United States, 812

2

F.2d 1387, 1391 (Fed. Cir. 1987). Rather, the court evaluates each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration. Id.

Infringement, either literal or under the doctrine of equivalents, is a question of fact. Bai v. L&L Wings, Inc., 160 F.3d 1350, 1351 (Fed. Cir. 1998). Literal infringement exists when the accused device or method embodies every limitation in a claim. Johnston v. VAC Corp., 885 F.2d 1574, 1577 (Fed. Cir. 1989). Infringement under the doctrine of equivalents exists when, even though there are differences between the claimed invention and the accused device or method, the differences are insubstantial. Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 516 U.S. 1145 (1996). Determining whether an accused process or device infringes a patent claim is a two-step process. "The first step is claim construction which involves ascertaining the scope and meaning of the claims at issue, while the second step involves determining whether the claims as construed read on the accused device." Streamfeeder, LLC v. Sure-Feed Sys., Inc., 175 F.3d 974, 981 (Fed. Cir. 1999); see also Personalized Media Communications, L.L.C. v. International Trade Comm'n, 161 F.3d 696, 701 (Fed. Cir. 1998) (same). The disputed claim language at issue in the parties' present motions is "means for removably securing a socket" which appears in claims 4 and 5 of the '673 patent.

## Parties' Contentions

Hansen contends that the Hansen socket tray does not infringe claims 4 and 5 of the '673 patent in light of its construction of the "means for removably securing a socket." In seeking summary judgment, Hansen states that there are no genuine issues of material fact to preclude a finding of summary judgment and concludes therefore, that its socket tray does not infringe the '673 patent. Hansen relies on the prosecution history of the '673 patent wherein amendments to the original claims were made by the applicant to overcome an office action relating to cited prior art references and certain sections of the patent law. In this amendment, claims 1-3 were amended to require a "snap ring" structure and claims 4-5 were drafted to contain the "means for removably securing a socket" limitation. Considering the evolution of the claims of the '673 patent, Hansen argues that claims 4 and 5 must be narrowly construed to include a "snap ring" structure similarly found in claims 1-3.

R.J. agrees with Hansen that the issue of infringement is ripe for summary judgment and no genuine issues of material fact exist concerning the claim language and the structure of the Hansen socket tray. R.J. argues that Hansen's narrow construction of the "means for removably securing a socket" language in claims 4 and 5 of the '673 patent contradicts the explicit claim language of the '673 patent and its prosecution history. R.J. explains that the amendments to the original claims of the '673 patent overcame the patent examiner's

4

rejections to prior art and resulted in patently distinct independent and associated dependant claims. Specifically, claims 4 and 5 at issue claim a socket tray with certain elements, one being "means for removably securing a socket." R.J. posits that this means-plus-function language covers either or both the "snap ring" of claim 1 and the "enlarged cylindrical base" or their equivalents for performing the function of removably securing the socket on the rod. R.J. states that if claims 4 and 5 were directed to a "snap ring" structure, then they would not be patently distinct from claims 1-3. Thus, under its construction, R.J. finds that the Hansen socket tray contains each and every element of claims 4 and 5 of the '673 patent and, therefore, warrants a finding of summary judgment for infringement.

## Analysis

Hansen's narrow construction of a "means for removably securing a socket" is not supported by the record evidence. The prosecution history of the '673 patent demonstrates that the patent examiner allowed the five claims of the '673 patent. Claims 1-3 explicitly require a "snap ring" for removably securing a socket while claims 4 and 5 do not require such a "snap ring" structure (R.J.'s Cross-Motion Summary Judgment Memo., Ex. 9)[1]. Further, as R.J. discusses in its cross-motion memorandum, there is evidence in column 2 of the '673 patent

---

[1] All exhibits identified herein refer to R.J.'s Cross-Motion for Summary Judgement of Infringement filed February 21, 2001.

5

specification that an enlarged cylindrical base would assist in securing the socket on the tray and perform the "removably securing a socket" function. (Ex. 6).

Hansen argues that to accept R.J.'s liberal construction of "means for removably securing a socket" in order to cover the Hansen socket tray, the scope of the '673 patent would be enlarged to read on the Pemberton U.S. Patent No. 4,688,672 (the "'672 patent"). Hansen, however, fails to recognize that the '672 patent was a cited reference in the '673 patent and, therefore, is presumed to have been considered by the examiner before issuance of the amended claims 4 and 5. In Re Portola Packaging, Inc., 110 F.3d 786, 791 (Fed. Cir. 1997). Thus, in light of the presumption of validity afforded to the issued '673 patent pursuant to 35 U.S.C. § 282, Hansen has failed to sustain its burden to warrant a summary judgment finding of non-infringement.

In support of its motion for summary judgment that the Hansen socket tray infringes claims 4 and 5 of the '673 patent, R.J. has submitted deposition testimony of defendant Don Hansen and Bruce Tichy asserting that the increased height of the cylindrical bases of the Hansen socket tray "hold the sockets more firmly on the socket tray" (Ex. 4) and that the sockets on the Hansen tray would "wobble" less in the base (Ex. 3). Therefore, in consideration of the undisputed statements of fact submitted by both Hansen and R.J., R.J. has met its burden of proving that the evidence of record demonstrates the accused

Hansen socket tray literally infringes claims 4 and 5 of the '673 patent. R.J.'s motion for summary judgment is granted.

## CONCLUSION

Therefore, after consideration of the intrinsic evidence related to the construction of the disputed claim language, the court concludes that the "means for reasonably securing a socket" shall cover any enlarged cylindrical base or its equivalent for performing the function of removably securing a socket on the rod of the accused socket tray. Under this construction, Hansen has failed to meet its burden of showing that the Hansen socket tray does not infringe claims 4 and 5 of the '673 patent to warrant the entry of summary judgment in its favor and accordingly, its Rule 56 motion is denied. Alternatively, R.J. has established, in the absence of a dispute on any issue of material fact, that the Hansen socket tray contains each and every element of claims 4 and 5 of the '673 patent and, therefore, its motion for summary judgment on infringement is granted.

E N T E R:

_____
PHILIP G. REINHARD, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 5, 2001